Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment recovered by Vance in an ejectment brought by Tucker and wife.
The only questions presented for the decision of this court, grows out of instructions given by the circuit court to the jury
The demise laid in the declaration is a joint one by Tucker and wife; and it appearing from the title papers produced on the trial, that the title was in the husband at the date of the demise, the court instructed the jury that the plaintiffs could not recover.
We are unable to perceive any solid objection to the decision of the court. As the title is proven to be in the husband, it is well settled that a recovery could not be had on a joint demise in his name and that of a stranger; and no reason is perceived for making the case of the wife an exception to the rule If she survives her husband, she may be entitled to dower in the lands, but she is not a joint tenant with him, possesses no right of entry in the lands, and could not, even after her husband’s death, maintain an ejectment for her dower until after an assignment. The wife, therefore, cannot be said to have such a legal interest in the land, as to authorise her to make a lease, and consequently, the demise as to her must be adjudged inoperative, and followed by the same consequences, as if a stranger to the husband had united with him in the demise.
In Runnington on ejectment, 226, it is said, ift he plaintiff in ejectment declares upon a joint lease by barron andfeme, and the lease appears in evidence, to have been executed by *459 a third person, by virtue of a letter of attorney for the husband and wife such evidence will not maintain the declaration, because she cannot delegate a third person to act for her, having already devolved all power and authority of her husband. But though the letter of attorney be void as to the wife, it is good as to the husband; and hence, says the author, the lessee might in this case declare as on a lease of the husband only.
An ejectment may be maintained on the demise of the husband for the lands of the wife.—Vid an e M’Clain vs. Gregg. acc.
Wickliffe for appellant, Haggin for appellee.
In the case cited, the author is speaking of the estate of the wife, which may be leased either by the husband alone, or in conjuction with the wife; and yet so inflexible is the rule, that the title proven must conform to that laid in the declaration, it is said, that in consequence of the lease being inoperative as to the wife, although good as to the husband, and although he might, without her concurrence, have leased the premises, there cannot be a recovery upon the joint demise of both.
The judgment must be affirmed with cost.